IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENTES WEST, #K-82893, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 16-cv-00982-MJR ) |
| MONICA NIPPE, KIMBERLY BUTLER, and S. HILL, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Kentes West filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against thirty-one defendants who allegedly violated his constitutional rights at Menard Correctional Center ("Menard") in 2015 and 2016. *See West v. Butler, et al.*, No. 16-cv-414-SMY (S.D. Ill. 2016) ("original case") (Doc. 2, instant case). In the complaint, Plaintiff asserted unrelated claims against different defendants (*id.*). On August 29, 2016, the Court severed the original case into eight additional matters (Doc. 1, instant case).

This case addresses a single severed claim that Plaintiff raised in his complaint against Warden Kimberly Butler, Counselor Monica Nippe, and Counselor S. Hill. Plaintiff alleges that these defendants failed to respond to numerous grievances he filed in 2015, in violation of his Fourteenth Amendment right to due process of law ("Count 5," original case). He seeks monetary relief against them.

## **Merits Review Under 28 U.S.C. § 1915A**

This matter is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A.  Under § 1915A, the Court is required to filter out nonmeritorious claims.  28 U.S.C. § 1915A(a).  The Court must dismiss any newly-severed claim that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility."  *Id.* at 557.  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements."  *Id*.  At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).  After carefully considering the allegations set forth in the complaint against the defendants, the Court finds that "Count 5," the only claim at issue in this case, does not survive preliminary review under this standard and shall therefore be dismissed.

## The Complaint

Plaintiff claims that he filed numerous grievances at Menard in 2015, and they were ignored (Doc. 2, p. 26). On or around July 10, 2015, he asked Counselor Nippe why no one was responding to his grievances. Plaintiff informed the counselor that he wanted to lay the groundwork for going to court and for obtaining a prison transfer (*id*.). Counselor Nippe explained that grievance responses were not mandatory; the decision to respond was left to the discretion of the recipient officer.

Plaintiff specifically identified Warden Butler as an individual who routinely ignored his grievances, even those that were labeled as emergencies (*id*. at 27). The warden also ignored phone calls and a letter from Plaintiff's sister to discuss the mishandling of his grievances (*id*.). Plaintiff submitted an emergency grievance to complain about an inmate attack that occurred on November 10, 2015 (*id*. at 34-35). A month passed, and Plaintiff received no response. When he asked Counselor Hill about the status of the matter on December 13, 2015, the counselor indicated that she never received his grievance. She instructed Plaintiff to file another one (*id*.).

In connection with these allegations, the Court recognized a Fourteenth Amendment due process claim against Warden Butler, Counselor Nippe, and Counselor Hill ("Count 5," original case). Count 5 was severed into the instant case and is now subject to review under § 1915A.

## Discussion

Count 5 fails to state a claim upon which relief may be granted and shall be dismissed against all three defendants with prejudice. The fact that a counselor, grievance officer, or a supervisor received a complaint about the actions of another individual does not create liability. In order to be held individually liable, a defendant must be "personally responsible for the

deprivation of a constitutional right." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). The complaint does not suggest that these defendants were personally involved in any constitutional deprivations.

Further, no due process claim arises from the alleged mishandling of inmate grievances. "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). The Constitution requires no procedure at all. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982). As such, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007).

This is true, even if Plaintiff was unable to exhaust his administrative remedies before filing a lawsuit. A prisoner is required to exhaust all available administrative remedies before filing suit under 42 U.S.C. § 1997e(a). *Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015). However, if a prison official renders the administrative grievance process unavailable, the exhaustion requirement *is* satisfied. Under the circumstances, there exists no impediment to filing suit. *Id*.

The complaint states no claim against Defendants Butler, Nippe, and Hill, and Count 5 shall therefore be dismissed. Although the Court routinely grants leave to file amended complaints, leave to amend need not be granted when such amendment would be futile. *See Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013); *Garcia v. City of Chicago,* 24 F.3d

966, 970 (7th Cir. 1994). *See also Barry Aviation, Inc. v. Land O'Lakes Municipal Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) (leave to amend should be freely given "unless it is certain from the face of the complaint that any amendment would be futile"). The Court finds that leave to amend would be futile in this case. Accordingly, this action shall be dismissed with prejudice.

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 5** is **DISMISSED** with prejudice against Defendants **KIMBERLY BUTLER, MONICA NIPPE,** and **S. HILL**, all for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that this entire severed case, which consists of Count 5 and no other claims, is **DISMISSED** with prejudice.

Plaintiff is **ADVISED** that this dismissal shall count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed

no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  October 7, 2016**

s/Michael J. Reagan
**Chief Judge**
**United States District Court**
